UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

MICHELLE PURYEAR,

    Plaintiff,                      DEMAND FOR JURY TRIAL

-vs-                                 Case No.
                                     Hon.

ALLY FINANCIAL, INC., and
ALCAR RECOVERY, LLC

    Defendants.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This Court may take supplemental jurisdiction over any state law or common law claims set forth herein as all the claims in this lawsuit arise out of a common nucleus of operative fact.

## Venue

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## Parties

6. Michelle Puryear resides in Detroit, Michigan.

7. Michelle Puryear is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

8. The first named Defendant to this action is Ally Financial, Inc. ("AFI"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

9. The second named Defendant to this action is Alcar Recovery, LLC which is a foreign corporation doing business in Macomb County in the State of Michigan.

## General Factual Allegations

10. On or about October 31, 2023, Plaintiff leased a white, 2023 Jeep Renegade ("new white vehicle") and turned in her red 2020 Jeep ("old red vehicle") all at Rochester Hills Chrysler Jeep in Rochester, Michigan.

11. On or about October 31, 2023, Rochester Hills Chrysler Jeep was the authorized agent for Defendant AFI and knowledge that she had turned in the old red vehicle is imputed to AFI.

12. On or about October 31, 2023, Rochester Hills Chrysler Jeep, upon information and belief, notified AFI that the old red vehicle had been turned in by the Plaintiff and it was located at Rochester Hills Chrysler Jeep.

13. On November 30, 2023, AFI contacted the Plaintiff asking about the whereabouts of the old red vehicle; Plaintiff told AFI that the vehicle had been turned at the end of the lease and was at Rochester Hills Chrysler Jeep.

14. On or about February 1, 2024, AFI ordered the old red vehicle to be repossessed.

15. On or about February 13, 2024, Defendant ARLLC repossessed the new white car.

16. At all times, ARLLC was acting as AFI's agent.

17. At no time relevant did either defendant have any right to possess the new white vehicle.

18. AFI and ARLLC refused to return the new white vehicle for seven days.

19. Plaintiff discovered false information on one or more of her consumer reports being reported by AFI ("AFI false information") .

20. Ms. Puryear disputed the AFI false information by transmitting actual notice of her dispute along with an adequate description and explanation to each of the major credit reporting agencies.

21. Ms. Puryear requested that the credit reporting agencies reinvestigate and correct the AFI false information as envisioned by 15 U.S.C. § 1681i.

22. Ms. Puryear's request for reinvestigation included sufficient information to provide actual notice that the AFI false information was inaccurate and the source of information was not reliable.

23. One or more credit reporting agencies responded to this dispute from Ms. Puryear by requesting verification of the AFI false information from AFI.

24. AFI responded to the reinvestigation request by verifying the AFI false information.

25. AFI failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

26. As a result of AFI's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

## COUNT I – Fair Credit Reporting Act (AFI)

27. Ms. Puryear incorporates the preceding allegations by reference.

28. AFI was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Ms. Puryear through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

29. In the event that AFI was unable to verify the information which it had reported after a reasonable reinvestigation, AFI was required to advise the credit reporting agency of this fact.

30. AFI did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the AFI false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

31. AFI did not conduct a reasonable reinvestigation, and continued to report the AFI false information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

32. Following dispatch of notice directly to AFI, AFI reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

33. Following the dispatch of direct notice to AFI, AFI failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

34. AFI willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Puryear's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

35. In the alternative, AFI negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

36. AFI willfully refused to properly reinvestigate the inaccuracies in Ms. Puryear's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

37. In the alternative, AFI negligently failed to conduct a proper reinvestigation of Ms. Puryear's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

38. Ms. Puryear has suffered damages as a result of these violations of the FCRA.

## COUNT II – Intentional Infliction of Emotional Distress

### (AFI)

39. Plaintiff incorporates the preceding allegations by reference.

40. AFI's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

41. AFI intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

42. AFI's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

43. Plaintiff has suffered damages as a result of the conduct of AFI.

## COUNT III – Negligence

### (AFI)

44. Plaintiff incorporates the preceding allegations by reference.

45. AFI owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

46. AFI's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

47. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by AFI.

## COUNT IV– Negligence *Per Se*

### (AFI)

48. Plaintiff incorporates the preceding allegations by reference.

49. AFI's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

50. Those unreasonable actions were *per* se unreasonable.

51. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by AFI.

## COUNT IV – Defamation by Libel

### (AFI)

52. Plaintiff incorporates the preceding allegations by reference.

53. AFI's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

54. AFI's publications were not privileged communications.

55. AFI's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

56. The statements were *per se* defamatory.

57. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

58. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

### COUNT V – Malicious Statutory Libel

### (AFI)

59. Plaintiff incorporates the preceding allegations by reference.

60. The inaccurate credit information was published with malice or ill-will.

61. Plaintiff has suffered damages as a result of this malicious libel by AFI in violation of M.C.L. § 600.2911.

62. Plaintiff is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

### COUNT VI – Fair Debt Collection Practices Act (ARLLC)

63. Ms. Puryear incorporates the preceding allegations by reference.

64. At all relevant times ARLLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

65. ARLLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

66. ARLLC's foregoing acts in attempting to collect this alleged debt against Ms. Puryear constitute violations of the FDCPA.

9

67. Ms. Puryear has suffered damages as a result of these violations of the FDCPA.

### COUNT VII -- Statutory Conversion

### (AFI and ARLLC)

68. Plaintiff incorporates the preceding allegations by reference.

69. The acts and omissions described herein constitute a willful or intentional conversion under MCL § 600.2919a entitling Plaintiff to recover treble the value of the money or property converted.

### COUNT VIII -- Common Law Conversion

### (AFI and ARLLC)

70. Plaintiff incorporates the preceding allegations by reference.

71. The acts and omissions described herein constitute a conversion at common law by Defendants entitling Plaintiff to recover the value of the money or property converted.

### Demand for Jury Trial

72. Plaintiff demands trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, Plaintiff requests that this Court:*

a.   *Assume jurisdiction over all claims.*

b.   *Award actual damages.*

c.   *Award statutory damages.*

d.   *Award treble damages.*

e.   *Award statutory costs and attorney fees.*

                              Respectfully Submitted,

                              ADAM G. TAUB & ASSOCIATES
                              CONSUMER LAW GROUP, PLC

                              By:   /s/ Adam G. Taub
                                        Adam G. Taub (P48703)
                                        Attorney for Michelle Puryear
                                        17200 West 10 Mile Rd. Suite 200
                                        Southfield, MI 48075
                                        Phone:  (248) 746-3790
                                        Email:  adamgtaub@clgplc.net

Dated:  August 26, 2024